UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER W. CONNORS,  )
　)
　　　　Petitioner,　　　　　)　　　3:07-cv-0268-JCM-VPC
　)
vs.　　　　　　　　　　　　　　) 　　**ORDER**
　)
E.K. McDANIEL, *et al.*,　　　)
　)
　　　　Respondents.　　　　　)
　　　　　　　　　　　　　　　 /

This action is on appeal to the Ninth Circuit Court of Appeals following denial of the petition by this court on May 19, 2010. ECF No. 39. Before the court is a motion for leave to amend petition pursuant to Fed.R.App.P. 12.1 and Fed.R.Civ.P. 60(B). ECF No. 44.

At this juncture, the court must indicate its willingness to consider or even grant the motion to amend if it finds that the motion raises a substantial issue which must be resolved in the district court. *See* Fed.R.App.P. 12.1(a) and Advisory Committee Notes (calling this order an indicative ruling.)

**I.　　Background**

Petitioner originally filed a *pro se* petition and a first amended petition which raised three separate claims related to the *Kazalyn*[1] jury instruction given the jury during his trial. ECF Nos. 1 and 6. The original claims included allegations that the trial court erred in giving the *Kazalyn*

---

[1] *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (Nev. 1992). The instruction is said to have merged the elements of the crime of first degree murder so as to diminish the state's burden of proof. *See e.g., Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007); *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008).

instruction and that petitioner's trial and appellate counsel were ineffective for failing to object to the the use of the instruction and failing to raise a claim that the instruction was invalid on appeal. *Id.* This court appointed counsel to represent the petitioner and a second amended petition was filed. ECF No. 20. The second amended petition raised only the claim that trial counsel was ineffective for failing to object to the use of the *Kazalyn* instruction. *Id.* It omitted the claims that the court erred in its instruction and that appellate counsel erred in failing to raise the claim on appeal. In its answer to the claims, the respondents argued that the instruction was the correct statement of the law as it existed at the time and that any objection to the instruction would have been improper. The respondents also argue that the later change in Nevada law wrought by *Byford v. State*, 994 P.2d 700 (Nev. 2000) was unforeseeable and, therefore, there could have been no instructional error or reason to object to the instruction by either trial or appellate counsel. *See* Response to Motion to Amend Petitioner. ECF No. 46, p. 2.  This court denied relief, also denying a certificate of appealability. ECF No. 37.

  Petitioner appealed and the Ninth Circuit Court ultimately granted a certificate of appealability as to the first ground of the second amended petition - counsel's purported ineffective representation in failing to object to the *Kazalyn* instruction. Exhibits 178, 183. During the course of the appellate proceedings, it came to the attention of counsel for the parties that trial counsel had, in fact, objected to the jury instructions and it was discovered that he had also proffered an instruction for the defense which respondents characterize as "*Byford*-esque." *See* Opposition to Motion to Amend, exhibit 1 (ECF No. 46-1). Apparently, these facts were not clear from the record before the courts and only came to light after further exploration of the state district court's evidence vault by respondents' counsel. The search led to the discovery of four defense trial exhibits not previously made a part of the record. Motion, p. 5. This new evidence is the impetus for the now pending motion to amend the petition on three bases: (1) the discovery of the unknown exhibits undercuts petitioner's claim, raised in the Second Amended Petition, that counsel was ineffective for failing to

1  object to the court's use of the *Kazalyn* instruction and, had the information been available, counsel
2  would have pled the claims differently; (2) the discovery enhances the strength of the now absent,
3  but previously raised claims that the trial court erred in using the *Kazalyn* instruction and that
4  appellate counsel was ineffective for failing to raise the claim on direct appeal; and (3) the discovery
5  undercuts the respondents' argument that because the change in the law brought about by the *Byford*
6  decision was unforeseeable, neither the court nor petitioner's counsel were in error for the use of or
7  the failure to object to the *Kazalyn* instruction.

**II.   Discussion**

   A.   Legal Standard

The Federal Rules of Appellate Procedure provide a mechanism for an appellant to obtain an indicative ruling from the district court about whether that court is inclined to consider and grant a motion before that court where the pending appeal has divested the district court of its jurisdiction. The rules provides for a limited remand to the district court if the appellant can demonstrate that the district court is willing to entertain the motion because it raises a substantial issue or that the district court is willing to grant the motion. Fed.R.App.P. 12.1.  Petitioner herein seeks such relief from this court.

Leave to amend should be freely given when justice requires.  Fed.R.Civ.P. 15(a)(2). Amendments must be allowed with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003). Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1142, 1153 (9th Cir.2011) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  Prejudice is the touchstone of the inquiry whether a motion to amend should be granted under Rule 15(a). *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973); *Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing of any of the remaining Rule 15(a) factors, there exists a presumption under Rule 15(a) in

favor of granting leave to amend. *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.,* 609 F.Supp.2d 1090, 1092 (E.D. Cal. 2009).

B.     Analysis

New evidence has been uncovered which is purported to demonstrate that petitioner's counsel did, in fact, object to the use of the *Kazalyn* jury instruction at trial.  Thus, petitioner argues, the sole claim on appeal, that trial counsel was ineffective for failing to object to the instruction, is negated.  However, he contends that if he is allowed to amend the petition to add the two erroneously omitted claims, this court's determination of the merits of the issues may be different.  Petitioner also argues that respondents will not be prejudiced because they have indicated that their arguments in opposition to the claims will remain consistent with those previously raised.

In opposing the motion to amend, respondents argue the claims were previously known and petitioner has not indicated why they were omitted from the second amended petition.[2]  They also argue the amendment would be futile, restating their arguments in opposition to the petition: The Nevada Supreme Court was not objectively unreasonable in denying the ineffective assistance of trail counsel claim due to the unforeseeability of the change wrought by *Byford* and because the change was unforeseeable trial counsel was not ineffective.  Respondents also reassert their contention that where trial counsel was not ineffective for failing to object, appellate counsel could not be considered ineffective for failing to raise the claim on appeal.

In considering the motion to amend, this court finds that the discovery of new evidence - evidence that trial counsel did in fact lodge objection to the *Kazalyn* instruction and also offered up a "B*yford*-esque" instruction of his own, which was rejected by the trial court, changes the complexion of petitioner's case so significantly that fairness requires consideration of the previously litigated and

---

[2] In fact, counsel for petitioner concedes he was wrong to have eliminated the claims and contends that he would have included them if the record was complete and contained all the information now available, particularly the record of counsel's trial objections and the proposed jury instructions.  Counsel argues that petitioner should not be punished for his failure to completely investigate and uncover the lost exhibits.  In this instance, the court agrees.

later omitted claims which this motion to amend seeks to reinstate. Moreover, because the arguments in opposition to the motion to amend are the same as those offered by respondents in opposition to the claims which are sought to be reinstated by petitioner, respondents cannot and do not claim undue prejudice would arise from the proposed amendment.

The purpose of pleading "is to facilitate a proper decision on the merits," *Forman v. Davis,* 371 U.S. 178, 182 (1962).  Where the requested amendment would simply reinstate claims to the petition that were previously presented and litigated before the state court; claims which the new evidence tends to support the validity of, the amendment should be permitted.  Respondents have not argued and cannot show that they would be prejudiced by allowing petitioner to revive his claims. Therefore, the court finds that justice requires that the petitioner's motion to amend be granted.

**IT IS THEREFORE ORDERED** that should the Ninth Circuit Court of Appeals remand this matter pursuant to Fed.R.App.P. 12.1, the petitioner's motion to amend the petition (ECF No. 44) would be **GRANTED**.

Dated, January 23, 2013.

_____
UNITED STATES DISTRICT JUDGE