# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER W. CONNORS,

    Petitioner,                                   3:07-cv-00268-JCM-VPC

vs.

**ORDER**

BRIAN E. WILLIAMS, SR., *et al.*, [1]

    Respondents.

_____/

Introduction

    This habeas corpus action is before the court on the merits of the three claims in the third amended petition of Christopher W. Connors, a Nevada prisoner. The court denies Connors' third amended habeas petition, grants Connors a certificate of appealability, and directs the clerk of the court to enter an amended judgment.

Procedural History and Factual Background

    In its May 1, 1996, order on Connors' direct appeal, the Nevada Supreme Court succinctly described the background of the case as follows:

---

[1] E. K. McDaniel is no longer the warden of Ely State Prison. Furthermore, the petitioner, Christopher W. Connors, is now incarcerated at Nevada's Southern Desert Correctional Center (SDCC). The warden of SDCC is Brian E. Williams, Sr. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Brian E. Williams, Sr., is substituted for E. K. McDaniel as the respondent warden. The court will direct the clerk of the court to update the docket for this case in this regard.

> On December 14, 1990, Tim and Chris Connors borrowed a .357 caliber revolver from James Fetting and drove Kelly Vandlandingham to a remote location outside of Las Vegas, Nevada. Tim shot Vandlandingham nine times (seven times in the head, and once in each arm), then took Vandlandingham's gun, money, and most of his drugs. Prior to the shooting, Chris had told Katrina Giancontieri that he and Tim were going to attack Vandlandingham, and offered her marijuana in exchange for an alibi. After the shooting, Chris and Tim returned the gun to Fetting. Tim told Fetting that he killed Vandlandingham.
>
> The next day, after Fetting informed the police of Tim's confession, the police arrested Chris and Tim. Chris and Tim were charged with one count of murder with the use of a deadly weapon.
>
> * * *
>
> After a month-long trial, the jury found Tim and Chris guilty of both charges. The jury sentenced Chris to life with the possibility of parole for the murder, and a consecutive fifteen year term for the robbery with the use of a deadly weapon.

Order Dismissing Appeal, Exhibit 147, pp. 1-2.[2] The Nevada Supreme Court dismissed the appeal on May 1, 1996. *Id*. at 4.

On May 7, 1997, Connors filed a *pro se* post-conviction petition for writ of habeas corpus in state court. *See* Petition for Writ of Habeas Corpus, Exhibit 150. The state district court entered an order denying Connors habeas corpus relief on December 14, 2006. Findings of Fact, Conclusions of Law and Order, Exhibit 166. Connors appealed, and the Nevada Supreme Court affirmed on April 6, 2007. Order of Affirmance, Exhibit 173.

Connors initiated this federal habeas corpus action by mailing a *pro se* petition for writ of habeas corpus (ECF No. 1) to this court on May 8, 2007. Connors filed a first amended habeas petition on July 5, 2007 (ECF No. 6). The court then appointed counsel to represent Connors (ECF No. 10), and, with counsel, Connors filed a second amended habeas petition (ECF No. 20) on January 5, 2009.

---

[2] Unless otherwise specified, the exhibits referred to in this order are those filed by Connors and found in the record at ECF Nos. 21, 22, 23, 24, 25, 26, 45, and 48.

On May 19, 2010, this court denied Connors' second amended petition in its entirety, and denied Connors a certificate of appealability. *See* Order entered May 19, 2010 (ECF No. 37). Judgment was entered the same day (ECF No. 38).

Connors appealed. The court of appeals initially denied Connors' request for a certificate of appealability (ECF No. 42), but apparently reconsidered and granted Connors a certificate of appealability with respect to Ground 1 of his second amended petition, a claim that his trial counsel was ineffective for failing to object to a jury instruction regarding the elements of first degree murder. *See* Second Amended Petition (ECF No. 20), pp. 6-8; *see also* Motion for Leave to Amend (ECF No. 44), p. 2 ("The Ninth Circuit initially denied the application, but later reconsidered its decision, and granted a certificate of appealability on one issue, presented as Ground One in the Second Amended Petition: 'whether appellant's trial counsel rendered ineffective assistance by failing to object to a jury instruction that unconstitutionally blurred the distinction between first and second degree murder.'"); Answer (ECF No. 63), p. 7.

On August 15, 2012, Connors filed, in this court, a motion for leave of court to amend his petition. *See* Motion for Leave to Amend Petition (ECF No. 44). In that motion, Connors requested a ruling by this court: "that it would grant, or at least entertain, a Motion to Amend the Second Amended Petition to reincorporate claims that (a) the premeditation jury instruction presented at Connors' trial was unconstitutional because it did [not] apprise the jury of the statutory elements of first-degree murder, as per *Polk v. Sandoval*, 503 F.3d 903 (9th Cir.2007) and *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008), and that (b) Connors' appellate counsel was ineffective for not challenging this instruction on direct appeal." *Id*. at 12. On January 23, 2013, this court ruled: "should the Ninth Circuit Court of Appeals remand this matter pursuant to Fed.R.App.P. 12.1, the petitioner's motion to amend the petition (ECF No. 44) would be granted." Order entered January 23, 2013 (ECF No. 49), p. 5. Respondents filed a motion for reconsideration (ECF No. 50). On May 2, 2013, the court of appeals remanded the action to this court for consideration of Connors' motion for leave to amend. *See* Order of Court of Appeals filed May 2, 2013 (ECF No. 52). On May 8,

3

1  2013, Connors filed a further motion to amend (ECF No. 53). On July 5, 2013, this court granted

2  Connors' motions to amend, and denied respondents' motion for reconsideration. *See* Order entered

3  July 5, 2013 (ECF No. 54).

4        On July 19, 2013, Connors filed his third amended petition for writ of habeas corpus

5  (ECF No. 58), setting forth, as Ground 3 of the third amended petition, what was Ground 1 of his

6  second amended petition, and adding, as Grounds 1 and 2 of the third amended petition, the two

7  new related claims. Respondents filed an answer, responding to the three claims in the third

8  amended petition, on October 1, 2013 (ECF No. 63). Connors filed a reply on December 2, 2013

9  (ECF No. 67).

10 <u>Standard of Review</u>

11       Because this action was initiated after April 24, 1996, the amendments to 28 U.S.C. § 2254

12 enacted as part of the Antiterrorism and Effective Death Penalty Act (AEDPA) apply. *See Lindh v.*

13 *Murphy,* 521 U.S. 320, 336 (1997); *Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir.2000),

14 overruled on other grounds by *Lockyer v. Andrade*, 538 U.S. 63 (2003). 28 U.S.C. § 2254(d) sets

15 forth the primary standard of review under AEDPA:

16       An application for a writ of habeas corpus on behalf of a person in custody
   pursuant to the judgment of a State court shall not be granted with respect to any
17 claim that was adjudicated on the merits in State court proceedings unless the
   adjudication of the claim --
18
         (1) resulted in a decision that was contrary to, or involved an unreasonable
19 application of, clearly established Federal law, as determined by the Supreme Court
   of the United States; or
20
         (2) resulted in a decision that was based on an unreasonable determination of
21 the facts in light of the evidence presented in the State court proceeding.

22 28 U.S.C. § 2254(d).

23       A state court decision is contrary to clearly established Supreme Court precedent, within the

24 meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set

25 forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

26 indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

The Supreme Court has further instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

The state court's "last reasoned decision" is the ruling subject to section 2254(d) review. *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). If the last reasoned state-court decision adopts or substantially incorporates the reasoning from a previous state-court decision, a federal habeas court may consider both decisions to ascertain the state court's reasoning. *See Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir.2007) (en banc).

5

Analysis

Ground 1

In Ground 1 of his third amended habeas corpus petition, Connors claims:

> The jury instructions for premeditation, willfulness and deliberation violated due process. Accordingly Mr. Connors is imprisoned in violation of his right to due process under the Fifth [and] Fourteenth Amendments of the United States Constitution.

Third Amended Petition (ECF No. 58), p. 6. Connors argues that the statutory definition of first degree murder in Nevada "requires proof of three separate elements: the prosecution must prove that the killing was (1) willful, (2) deliberate, and (3) premeditated," and that a jury instruction given at his trial "essentially eliminated two of these elements." *Id*. at 6-7; *see also* NRS 200.030(1)(a). The instruction at issue told the jury that if they found that the killing was "premeditated," then the act constituted a "willful, deliberate and premeditated murder." *See* Third Amended Petition, p. 7; *see also* Exhibit 117, Instruction 9. According to Connors, that instruction was endorsed in *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992), and was used in Nevada between 1992 and 2000. *See* Third Amended Petition, p. 7. Connors argues: "The *Kazalyn* instruction violates the due process guarantee of the Federal Constitution by relieving the State of the burden of proving every statutory element of first degree murder beyond a reasonable doubt." *Id*. Connors points out that in 2000, in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), the Nevada Supreme Court abrogated the *Kazalyn* instruction, and ordered that, in subsequent first degree murder cases, Nevada trial courts were to give instructions separately defining "willful," "deliberate," and "premeditated."

Connors asserted this claim in his state habeas action, and the state courts denied it; the Nevada Supreme Court ruled that "the *Kazalyn* instruction was proper at the time Connors's jury was given it." Order of Affirmance, Exhibit 173, p. 5. The Nevada Supreme Court's ruling was not objectively unreasonable.

In *Garner v. State*, 116 Nev. 770, 6 P.3d 1013 (2000), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002), and *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008),

the Nevada Supreme Court explained that in *Byford* the Nevada Supreme Court announced a change in state law. *See Nika*, 124 Nev. at 1286 198 P.3d at 849 ("We take this opportunity to reiterate that *Byford* announced a change in state law."); *Garner*, 116 Nev. at 789, 6 P.3d at 1025.

In *Nika*, the Nevada Supreme Court stated clearly that "the *Kazalyn* instruction correctly reflected Nevada law before *Byford*." *Nika*, 124 Nev. at 1287, 198 P.3d at 850.

In *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir.2013) *cert. denied sub nom. Babb v. Gentry*, 134 S.Ct. 526 (2013), *overruled on other grounds by Moore v. Helling*, 763 F.3d 1011 (9th Cir.2014), the Ninth Circuit Court of Appeals discussed the Nevada Supreme Court's holding in *Nika*:

> ... [T]he Nevada Supreme Court held in *Nika v. State*, 124 Nev. 1272, 198 P.3d 839, 849 (2008), that the *Byford* decision was not a clarification of the murder statute -- that is, *Byford* had not righted prior decisions' incorrect interpretations of Nevada's murder statute. Rather, the *Nika* court explained, *Byford* had announced a new interpretation of the murder statute, which changed the law. *Id*. The *Nika* court declared that any language in *Byford* and *Garner* suggesting that *Byford* was a clarification rather than a new rule was dicta. *Id*. at 849-50. According to *Nika*, this Court in [*Polk v. Sandoval*, 503 F.3d 903 (9th Cir.2007)] was wrong in concluding that the *Kazalyn* instruction was a violation of due process because the instruction accurately represented the elements of first degree murder up until *Byford* was decided. Thus, before *Byford* was decided, *the Kazalyn instruction did not improperly relieve the State of the burden of proving all the elements of first degree murder*. *Id*. at 850.

*Babb*, 719 F.3d at 1027-28 (emphasis added). In *Babb*, then, the Court of Appeals held that, in light of an intervening Nevada Supreme Court decision, its prior holding in *Polk*, regarding the constitutionality of the *Kazalyn* instruction with respect to convictions that became final before *Byford*, is no longer good law. See *id*. at 1027-28, 1030. And, the court of appeals stated that prior to *Byford* the *Kazalyn* instruction "did not improperly relieve the State of the burden of proving all the elements of first degree murder." *Id*. at 1028.

Connors' conviction became final in 1996, well before the Nevada Supreme Court decided *Byford*, and changed Nevada law regarding the elements of first degree murder, in 2000. *See* Exhibits 138, 147, 148, 149; *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (conviction final when "judgment of conviction has been rendered, the availability of appeal exhausted, and the

7

time for a petition for certiorari elapsed or a petition for certiorari finally denied"). Therefore, in light of the holdings in *Garner*, *Nika*, and *Babb*, this court concludes that the *Kazalyn* instruction given in Connors' trial was an accurate statement of Nevada law. The use of that instruction did not violate Connors' federal constitutional right to due process of law.

This court, therefore, finds that the state courts' denial of the claim asserted by Connors as Ground 1 of his third amended habeas petition was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and the state courts' ruling was not based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Connors does not show habeas relief to be warranted. The court will deny habeas corpus relief with respect to this claim.

Ground 2

In Ground 2 of his third amended petition, Connors claims that his rights under the Fifth, Sixth and Fourteenth Amendments were violated because his appellate counsel "was ineffective for failing to challenge the jury instructions for premeditation, willfulness and deliberation on direct appeal." Third Amended Petition, p. 9.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two prong test for analysis of claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. And, to establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the

1   outcome of the proceeding." *Id* at 693. Rather, the errors must be "so serious as to deprive the

2   defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

3         Where a state court has adjudicated a claim of ineffective assistance of counsel, under

4   *Strickland*, establishing that the decision was unreasonable under AEDPA is especially difficult.

5   *See Richter*, 562 U.S. at 104-05. In *Richter*, the Supreme Court instructed:

6       The standards created by *Strickland* and § 2254(d) are both highly deferential, [*Strickland*, 466 U.S. at 689]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

12  *Richter*, 562 U.S. at 105; *see also Cheney*, 614 F.3d at 994-95 (acknowledging double deference

13  required with respect to state court adjudications of *Strickland* claims).

14        Connors raised this claim of ineffective assistance of appellate counsel in his state habeas

15  action, and the Nevada Supreme Court ruled on it as follows:

16      ... [C]iting *Byford v. State*, Connors argues that counsel were ineffective for failing to challenge allegedly improper jury instructions on premeditation and deliberation. Connors's jury was given the so-called *Kazalyn* instruction. In *Byford*, we offered new instructions on these elements, but we did not conclude that the *Kazalyn* instruction was erroneous or unconstitutional. We also granted no relief to Byford on this issue. Connors fails to explain why we might have ruled differently in his case had the argument been raised, and the *Kazalyn* instruction was proper at the time Connors's jury was given it. We therefore conclude that the district court did not err in denying this claim.

21  Order of Affirmance, Exhibit 173, pp. 4-5.

22        As is discussed above with regard to Ground 1, in light of the holdings in *Garner*, *Nika*, and

23  *Babb*, the court concludes that the *Kazalyn* instruction given in Connors' trial was an accurate

24  statement of Nevada law. The use of that instruction in Connors' trial did not constitute reversible

25  error. Therefore, Connors cannot show that his appellate counsel's performance fell below an

26  objective standard of reasonableness on account of his failure to challenge the *Kazalyn* instruction on

Connors' direct appeal.  Moreover, given the ruling of the Nevada Supreme Court regarding this issue on the appeal in Connors' state habeas action, it is plain that his appellate attorney's failure to raise the issue on his direct appeal prejudiced him; there is not a reasonable probability that the result of the appeal would have been different had counsel raised the issue.  The state courts' denial of relief on this claim was not objectively unreasonable.

The state courts' denial of the claim of ineffective assistance of appellate counsel, asserted by Connors as Ground 2 of his third amended habeas petition, was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and the state courts' ruling was not based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d).  Connors does not show habeas relief to be warranted.  The court will deny habeas corpus relief with respect to this claim.

Ground 3

In Ground 3 of his third amended petition, Connors claims that his rights under the Fifth, Sixth and Fourteenth Amendments were violated because his trial counsel "was ineffective for failing to challenge the jury instructions for premeditation, willfulness and deliberation...."  Third Amended Petition, p. 9.

Connors raised this claim of ineffective assistance of his trial counsel in his state habeas action, and the state courts denied the claim.  *See*  Order of Affirmance, Exhibit 173, pp. 4-5.  The state courts' ruling was not objectively unreasonable.

The state-court record reflects that Connors' trial counsel did, in fact, object to the *Kazalyn* instruction, and he proposed a jury instruction separately defining "premeditation" and "deliberation."  *See* Reporter's Transcript, March 4, 1994, Exhibit 117, pp. 3-5; Defendant's Proposed Jury Instructions, Respondents' Exhibit 1 in Support of Answer (ECF No. 64).  Therefore, this claim is belied by the record.  Trial counsel did object to the *Kazalyn* instruction, and offered an alternative jury instruction.

1    Moreover, as is discussed above, the *Kazalyn* instruction accurately reflected Nevada law at
2  the time of Connors' trial, so Connors was not prejudiced by any alleged shortcoming of his trial
3  counsel in objecting to that instruction.  Trial counsel's objection was properly overruled.
4    The state courts' denial of the claim of ineffective assistance of trial counsel, asserted by
5  Connors as Ground 3 of his third amended habeas petition, was not contrary to, or an unreasonable
6  application of, clearly established federal law, as determined by the Supreme Court of the United
7  States, and the state courts' ruling was not based on an unreasonable determination of the facts in
8  light of the evidence presented.  *See* 28 U.S.C. § 2254(d).  Connors does not show habeas relief to be
9  warranted.  The court will deny habeas corpus relief with respect to this claim.

Certificate of Appealability

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).  The Supreme Court interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  The Supreme Court further illuminated the standard in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 123 S.Ct. at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered Connors' claims in Grounds 1, 2 and 3 of his third amended habeas petition, with respect to whether they satisfy the standard for issuance of a certificate of appeal -- and the court is cognizant of the court of appeals' grant of a certificate of appealability with regard to Ground 1 of Connor's second amended habeas petition -- and the court will grant Connors a certificate of appealability with respect to Grounds 1, 2 and 3 of his third amended petition.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall update the docket in this case to substitute Brian E. Williams, Sr., for E. K. McDaniel as the respondent warden.

**IT IS FURTHER ORDERED** that petitioner Christopher W. Connors' Third Amended Petition for Writ of Habeas Corpus (ECF No. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner is granted a certificate of appealability with respect to Grounds 1, 2 and 3 of his third amended petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter an amended judgment reflecting that: all claims in petitioner's second amended petition for writ of habeas corpus are denied; all claims in petitioner's third amended petition for writ of habeas corpus are denied; and petitioner is granted a certificate of appealability with respect to Grounds 1, 2 and 3 of his third amended petition for writ of habeas corpus.

Dated April 28, 2015.

_____
UNITED STATES DISTRICT JUDGE